# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **FRANCOIS COEUR,**<br><br>Plaintiff,<br><br>v.<br><br>**FRED BUCK,**<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:17-cv-1168-RJS-PMW**<br><br>**District Judge Robert J. Shelby**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Robert J. Shelby referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On December 1, 2017, the court granted Francois Coeur's ("Plaintiff") application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 ("IFP Statute").[2] Accordingly, the court will screen Plaintiff's action as required under the IFP Statute. *See, e.g.*, *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). In addition, because Plaintiff is proceeding pro se in this case, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

While Plaintiff's complaint is very difficult to decipher, the court has deduced the following allegations against Fred Buck ("Defendant"), a Justice of the Peace in Tom Green

---

[1] *See* docket no. 5.

[2] *See* docket no. 3.

County, Texas.  Plaintiff alleges that Defendant assessed $3150.00 against Plaintiff in an action related to his commercial driver's license.  Plaintiff contends that Defendant called Plaintiff from San Angelo, Texas, in order to obtain Plaintiff's plea over the phone and that Defendant would not allow him to file an answer in writing.  Plaintiff asserts state law claims for negligence and harassment against Defendant and asks this court "that the amount of 3150 be dropped and counterclaim [sic] including attorney fees and court costs in the amount of 500,000 dollars and weekly payments of 2,000 dollars."[3]  Elsewhere in the complaint, Plaintiff seeks "fees and court costs in the amount of 1,000,000,000 dollars . . . and weekly payments of 10,000 dollars."[4]

## LEGAL STANDARDS

As noted above, Plaintiff is proceeding pro se under the IFP Statute, which requires sua sponte dismissal of the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks relief from a defendant who is immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B).  A district court may also dismiss a case sua sponte under the IFP Statute for lack of personal jurisdiction or venue "when the defense is obvious from the face of the complaint and no further factual record is required to be developed."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quotations and citation omitted).

It is also well settled that the lack of subject matter jurisdiction may be raised sua sponte by the court at any point in the proceedings.  *McAlester v. United Air Lines*, 851 F.2d 1249, 1252 (l0th Cir. 1988).  "A court lacking jurisdiction cannot render judgment but must dismiss the

---

[3] Docket no. 4 at 6.

[4] *Id.* at 34-35.

cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Because federal district courts have limited jurisdiction, a presumption against federal jurisdiction exists, "and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation omitted).

Subject matter jurisdiction may be demonstrated in one of two ways. First, in cases arising under federal question jurisdiction, federal district courts have authority over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a case meets the "arising under" standard of § 1331 if it is apparent from the face of the complaint that federal law creates the plaintiff's cause of action. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983). Second, federal district courts may exercise diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (quotations and citations omitted).

With these standards in mind, the court will now address the sufficiency of Plaintiff's complaint as required under the IFP Statute.

3

## ANALYSIS

In his complaint, Plaintiff is essentially asking this court to overturn a state-court judgment rendered in Texas.  However, the *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quotations and citations omitted).  "[T]he *Rooker-Feldman* doctrine divests federal district courts of subject matter jurisdiction over claims that seek, in substance, appellate review of final state-court judgments." *Bear v. Patton*, 451 F.3d 639, 641 n.2 (10th Cir. 2006).  Because the substance of Plaintiff's complaint is a request that this court overturn a state court judgment, i.e., the assessment of $3150 related to Plaintiff's commercial driver's license, this court is without subject matter jurisdiction under *Rooker-Feldman*.

Moreover, even assuming that *Rooker-Feldman* did not divest this court of subject matter jurisdiction, it is apparent on the face of Plaintiff's complaint that the District of Utah is not the proper venue for this case.  Under 28 U.S.C. § 1391(b), a complaint may only be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Plaintiff's complaint alleges that Defendant is a resident of San Angelo, Texas; thus, Plaintiff could have brought his action in the Northern District of Texas.  None of

the events alleged in Plaintiff's complaint occurred in Utah, save for a phone call from Defendant in Texas to Plaintiff in Utah. However, assuming this alleged phone call establishes that venue is proper in the District of Utah, Plaintiff has failed to demonstrate that this court has personal jurisdiction over Defendant. A single telephone call to Plaintiff in Utah does not establish sufficient minimum contacts for the exercise of personal jurisdiction over Defendant in Texas. *See Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) ("It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts.").

Often a pro se litigant is given an opportunity to remedy the defects in their pleadings, but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing . . . an opportunity to amend [the] complaint would be futile." *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991). This court concludes that it would be futile to permit Plaintiff to file an amended complaint because he cannot allege any facts that would give this court subject matter jurisdiction. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). Accordingly, this court recommends that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction under *Rooker-Feldman*, improper venue, and/or lack of personal jurisdiction over Defendant.[5]

---

[5] In the last two years, Plaintiff has filed a number of frivolous lawsuits against various individuals and entities in this court, and the instant case is on par with Plaintiff's other deficient actions. On April 16, 2018, District Judge Clark Waddoups designated Plaintiff as a restricted filer in this district. *See Coeur v. Scott*, No. 2:17-cv-0087-CW, Docket No. 18, (D. Utah Apr. 16, 2018).

## **RECOMMENDATION**

Based on the foregoing, this court recommends that Plaintiff's complaint be dismissed.

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of his right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 4th day of June, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge